[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11761

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VALENTINO DEWITT EDGECOMBE,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20519-DPG-1

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Valentino Edgecombe appeals his 60-month sentence for controlled substance convictions.  First, although he did not move for it below, Mr. Edgecombe argues that the district court erred when it failed to continue his sentencing hearing.  Second, Mr. Edgecombe contends the district court erred when it refused to question him under seal.  Had the court done so, according to Mr. Edgecombe, it would have properly found he qualified for a sentence below the 60-month mandatory minimum pursuant to U.S.S.G. § 5C1.2(a)'s safety valve.  As an initial matter, Mr. Edgecombe made no argument on appeal that the district court committed legal or factual error in its determination that he was not eligible for safety-valve relief.  His sole arguments on appeal concern alleged procedural errors.

## I.    Continuation of Sentencing Hearing

When an appellant contends the court should have exercised its authority to sua sponte continue the trial, we review for an abuse of discretion.  *See United States v. Wilson*, 979 F.3d 889, 914 (11th Cir. 2020).  The defendant has the burden to demonstrate that the decision was an abuse of discretion and that it produced specific, substantial prejudice.  *See id.*  To establish specific prejudice, the defendant "must identify relevant, non-cumulative

evidence" he would have presented had a continuance been granted. *United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993).

Here, Mr. Edgecombe has failed to identify specific evidence that he would have presented had he received a continuance. Instead, Mr. Edgecombe generally alleges he would have proven his truthful cooperation to satisfy the safety valve exception. Further, the district court had already cast doubt upon Mr. Edgecombe's ability to prove his veracity when it stated: "The problem here is [Edgecombe] provided inconsistent statements and it is really an untenable task for me to now figure out, how under these circumstances what is truthful based on what he might say today."

Accordingly, the district court acted within its discretion to not continue the hearing.

## II.    Sealed Record

We review whether to seal portions of the record for abuse of discretion. *United States v. Ignasiak*, 667 F.3d 1217, 1238 n. 25 (11th Cir. 2012). Courts have discretion to determine which aspects of the record should be sealed, but that discretion is guided by the presumption of openness. *Id.* at 1238–39.

To overcome the presumption of openness and justify closing the courtroom to the public during a criminal proceeding, four elements must be satisfied: (1) the party seeking to close the proceedings "must advance an overriding interest that is likely to be prejudiced"; (2) "the closure must be no broader than necessary to protect that interest"; (3) "the trial court must consider reasonable

alternatives to closing the" proceeding; and (4) the trial court "must make findings adequate to support the closure." *Waller v. Georgia*, 467 U.S. 39, 48 (1984); *United States v. Moon*, 33 F.4th 1284, 1298 (11th Cir. 2022).

Here, Mr. Edgecombe did not demonstrate that sealing the hearing was necessary to protect his safety or show an overriding interest to overcome the presumption of openness. Therefore, Mr. Edgecombe has failed to show that the district court abused its discretion. Accordingly, we affirm.

**AFFIRMED.**